UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

CAROLYN F. SMITH                                                                PLAINTIFF

VS.                                             CIVIL ACTION NO.: 3:09cv18-DPJ-JCS

CITY OF JACKSON                                                DEFENDANT

**ORDER**

This employment dispute is before the Court on Defendant City of Jackson's Motion to Dismiss [9], and Plaintiff Carolyn Smith's Motion for Leave to Amend [15].  Having fully considered the parties' submissions and the applicable law, the Court finds that Plaintiff's motion should be granted and Defendant's motion should be denied as moot.

I.      Facts / Procedural History

Plaintiff was terminated from her employment with the City of Jackson and thereafter brought this civil action alleging violation of Title VII of the Civil Rights Act of 1964 and the Family Medical Leave Act (FMLA).  Defendant now moves for dismissal pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, contending that Plaintiff has presented nothing more than conclusory allegations.  Plaintiff confesses that her original Complaint was "bare-bones," but claims that counsel was retained in the eleventh hour, and she therefore seeks leave to amend the complaint in an effort to remedy deficiencies.  Defendant objects to the requested leave.  Both issues are now ripe for consideration.

II.     Analysis

      A.      Standards

In considering a motion under Rule 12(b)(6), the "court accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'"  *Martin K. Eby Constr. Co. v.*

*Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004) (quoting *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999)). To overcome a Rule 12(b)(6) motion, Plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555 (quotation marks, citations, and footnote omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 556). It follows that "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'show[n]'–'that the pleader is entitled to relief.'" *Id.* (citing Fed. R. Civ. P. 8(a)(2)).

As for motions to amend, "leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). "Rule 15(a) 'evinces a bias in favor of granting leave to amend' and 'severely restricts the judge's freedom.'" *Stearman v. City of Greenville, Tex.*, 16 F.3d 1215 No. 93-1256, 1994 WL 57612, *3 (5th Cir. Feb. 17, 1994) (citing *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 597 (5th Cir. 1981)). However, leave is not automatically granted. Valid reasons to deny leave include factors such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Shivangi v. Dean Witter Reynolds, Inc.*, 825 F.2d 885, 890 (5th Cir. 1987) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

B.  Analysis

The infirmities of the original complaint are apparent, but the issue is whether Plaintiff should be allowed to evade the motion to dismiss by filing the amended complaint attached as Exhibit A to her motion ("Amended Complaint").  The Amended Complaint adds new, non-conclusory factual averments related to both the Title VII and FMLA claim.  Defendant nevertheless objects, claiming that the Amended Complaint remains futile as to both claims.  An amendment is futile if the "amended complaint would fail to state a claim upon which relief could be granted."  *Stripling v. Jordan Prod. Co., Inc.*, 234 F.3d 863, 873 (5th Cir. 2000) (citations omitted).  Thus, to determine whether a proposed claim is futile, the Court applies "the same standard of legal sufficiency that applies under Rule 12(b)(6)."  *Id.*

Starting with the Title VII claim, Defendant claims that the description of alleged harassment–being constantly asked on dates–is not "sufficiently severe or pervasive so as to alter her working conditions or create an abusive working environment."  *Aryain v. Wal-Mart Stores Tex. LP*, 534 F.3d 473, 479 (5th Cir. 2008).  Although the issue may resurface in a motion for summary judgment, the Court finds that, when viewed in a light most favorable to Plaintiff, the Amended Complaint satisfies Rules 8 as to the sexual harassment claim.  The Court further notes that the Title VII retaliation claim is amply stated and is not addressed in Defendant's motion.

As for the FMLA claim, Defendant asserts that the Amended Complaint would be futile because it fails to adequately plead that Plaintiff gave notice of her intent to take leave.  However, the Amended Complaint references Plaintiff's conversation with her employer regarding her need for surgery, and although the details of the conversation are not provided,

3

under notice pleading and the presumptions that apply under Rule 12(b)(6), the Court finds that Plaintiff adequately stated a FMLA claim.[1]

III.    Conclusion

For the above stated reasons, Plaintiff's Motion for Leave to Amend is granted; Defendant's Motion to Dismiss is denied as moot.

**SO ORDERED AND ADJUDGED** this the 13th day of October, 2009.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE

---

[1] Because it is not necessary for this ruling, the Court merely notes that the suggested lack of notice might be an affirmative defense. *See Henderson v. Whirlpool Corp.*, 17 F. Supp. 2d 1238, 1246 (N.D. Okla. 1998) (improper notice is affirmative defense to FMLA interference claim). If so, then recent opinions suggest that Plaintiff would not be required to plead notice in her Complaint. *See Wilson v. Kimberly-Clark Corp.*, 254 F. App'x 280, 287 (5th Cir. 2007) (citing *Jones v. Bock*, 549 U.S. 199 (2007)).